# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | SACV 18-01280 JVS(JDEx) | Date | November 5, 2018 |
| Title | Amany Simmonds v. Wells Fargo Bank, N.A. et al. | | |

Present: The Honorable     James V. Selna

| Karla J. Tunis | Sharon Seffens |
|---|---|
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Michael Yonge | Fred Hickman |

**Proceedings:**    Defendant Wells Fargo Bank's Motion to Dismiss

                  Plaintiff's Motion to Remand Case to Orange County Superior Court

                  Order to Show Cause why Preliminary Injunction should not be Issued

**Cause called and counsel make their appearances. The Court's tentative ruling is issued. Counsel make their arguments. The Court GRANTS the defendant's motion to dismiss; DENIES the plaintiff's Motion to Remand and DECLINES to issue a preliminary injunction. The Court makes this ruling in accordance with the tentative ruling as follows:**

       Defendant Wells Fargo Bank, N.A. ("Wells Fargo") moved to dismiss Plaintiff Amany Simmonds's ("Simmonds") Complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). MTD, Docket No. 8. Simmonds filed an opposition. MTD Opp'n, Docket No. 16. Wells Fargo replied. MTD Reply, Docket No. 22.

       Simmonds also moved to remand the case to state court. MTR, Docket No. 15. Wells Fargo filed an opposition. MTR Opp'n, Docket No. 17. Simmonds replied. MTR Reply, Docket No. 23.

       Simmonds also applied <u>ex parte</u> for a temporary restraining order ("TRO") enjoining the foreclosure process, which Wells Fargo opposed. Docket Nos. 18, 19. The Court granted the application for a TRO and issued an order to show cause ("OSC") regarding a preliminary injunction. Docket No. 20. Simmonds filed a supplemental brief in support of the preliminary injunction, Wells Fargo opposed, and Simmonds replied. Docket Nos. 26, 27, 28. On the Court's order, the parties also filed another set of

supplemental briefs after a hearing on the preliminary injunction in which the matter was continued to be heard together with the motions to remand and dismiss. Docket Nos. 33, 34, 35.

For the foregoing reasons, the motion to remand is **denied**, the motion to dismiss is **granted**, and the Court **declines** to issue a preliminary injunction.

## I. BACKGROUND[1]

On March 16, 2007, Plaintiff borrowed $626,400 (the "Loan") from World Savings Bank, FSB[2] ("WSB") to finance the purchase of real property located at 11 Style Drive, Aliso Viejo, California 92656 (the "Property"). Compl., Docket No. 1-1 ¶¶ 1, 6, 15, Ex. A. The Loan was memorialized by a promissory note and secured by a deed of trust. Id. Ex. A. After Simmonds stopped making loan payments, a foreclosure sale was scheduled in a Notice of Sale, recorded on September 14, 2010. RJN Ex. B. Before the sale occurred, Simmonds filed the first of five bankruptcy petitions, the last of which was filed in January 2015. RJN Ex. C. Simmonds has also sued Wells Fargo twice prior to this lawsuit in relation to the Property, in 2012 and 2017, but each action was dismissed. RJN Ex. F.

On April 3, 2018, a Substitution of Trustee was recorded against the Property naming Barret, Daffin, Frapper, Treder & Weis, LLP ("BDF") as the new trustee. Compl. Ex. B. The Substitution was executed by a BDF employee, Flora Ly. Id. ¶ 11. On April 19, 2018, BDF recorded a Notice of Default and Election to Sell under a Deed of Trust ("NOD") against the Property. Id. Ex. C. Simmonds alleges that no one from Wells Fargo contacted Simmonds prior to recording the NOD, and that Wells Fargo submitted a false Declaration of Compliance attesting that it contacted the borrower at least 30 days before recording the NOD to assess the borrower's financial situation pursuant to California Code of Civil Procedure § 2923.5. Id. ¶¶ 19, 20.

---

[1] The Court **grants** Wells Fargo's Request for Judicial Notice ("RJN") pursuant to Federal Rule of Evidence 201(b)(2). RJN, Docket No. 9.

[2] World Savings Bank, FSB was renamed Wachovia Mortgage, FSB on December 31, 2007. Wachovia Mortgage, FSB was converted to a national bank named Wells Fargo Bank Southwest, N.A., which merged into Wells Fargo Bank, N.A. effective November 1, 2009. RJN Ex. A.

On June 25, 2018, Simmonds filed this action in the Superior Court for the County of Orange. Notice, Docket No. 1. The Complaint alleges causes of action for (1) cancellation of the Substitution of Trustee; and (2) cancellation of the Notice of Default. Compl., Docket No. 1-1. On July 24, 2018, Wells Fargo removed the action to this Court based on diversity of citizenship pursuant to 28 U.S.C. §§ 1441(b) and 1332. Notice, Docket No. 1.

On July 31, 2018, Wells Fargo filed the instant motion to dismiss. MTD, Docket No. 8. On August 26, 2018, Simmonds filed the instant motion to remand after her initial motion to remand was denied without prejudice for failure to comply with Local Rule 7-3. MTR, Docket No. 15; Order, Docket No. 14.

## II. MOTION TO REMAND

### A. Legal Standard

Under 28 U.S.C. § 1441(a), a defendant may remove a civil action from state court to federal court so long as original jurisdiction would lie in the court to which the action is removed. City of Chi. v. Int'l Coll. of Surgeons, 522 U.S. 156, 163 (1997). According to the Ninth Circuit, courts should "strictly construe the removal statute against removal jurisdiction." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). Doubts as to removability should be resolved in favor of remanding the case to the state court. Id. This " 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." Id. (quoting Nishimoto v. Federman–Bachrach & Assocs., 903 F.2d 709, 712 n.3 (9th Cir. 1990)). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the district must remand the action back to the state court from which it was removed. 28 U.S.C. § 1447(c). "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal. " Id.

"For a case to qualify for federal jurisdiction under 28 U.S.C. § 1332(a), there must be complete diversity of citizenship between the parties opposed in interest." Kuntz v. Lamar Corp., 385 F.3d 1177, 1181 (9th Cir. 2004) (citation omitted). In other words, diversity jurisdiction only exists if "each defendant is a citizen of a different State from each plaintiff." Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 373 (1978) (emphasis omitted). The parties' citizenship is assessed as of the date the plaintiff filed the Complaint. See Smith v. Sperling, 354 U.S. 91, 93 n.1 (1957). To satisfy the amount

in controversy requirement of § 1332, the plaintiff's alleged damages must exceed $75,000. 28 U.S.C. § 1332(a). Where it is not evident from the face of the complaint that more than $75,000 is at stake, a defendant must prove by a preponderance of the evidence that the jurisdictional threshold is met. Valdez v. Allstate Ins. Co., 372 F.3d 1115, 1117 (9th Cir. 2004) (citation omitted).

**B.     Discussion**

Simmonds argues that remand is appropriate because Wells Fargo has not met its burden of showing that the amount in controversy exceeds $75,000. MTR, Docket No. 15 at 10–12. Simmonds also argues that Wells Fargo is a citizen of California for purposes of diversity jurisdiction, and that complete diversity is therefore absent from this case. Id. at 12–14.

If it is not facially evident from the complaint that more than $75,000 is in controversy, and the initial pleading seeks non-monetary relief, removal is proper if the removing party proves the amount in controversy by a preponderance of the evidence. 28 U.S.C. §§ 1446(c)(2)(A)(i), (c)(2)(B); Matheson v. Progressive Specialty Ins. Co., 319 F.3d 1089, 1090 (9th Cir. 2003). "[W]hen a plaintiff seeks to quiet title to a property or permanently enjoin foreclosure, the object of the litigation is the ownership of the property. Therefore, the value of the property or the amount of indebtedness on the property is a proper measure of the amount in controversy." Corral v. Select Portfolio Servicing, Inc., 878 F.3d 770, 776 (9th Cir. 2017); see also Chapman v. Deutsche Bank Nat'l Trust Co., 651 F.3d 1039, 1045 n.2 (9th Cir. 2011); Garfinkle v. Wells Fargo Bank, 483 F.2d 1074, 1076 (9th Cir. 1973).

If the complaint does not allege the specific value of the property at issue, the court can look to the value of the loan or the current indebtedness to determine that the amount in controversy exceeds $75,000 by a preponderance of the evidence. See, e.g., Lee v. Wells Fargo Bank, N.A., No. EDCV 15-01313 VAP (KKx), 2015 WL 5618869, at *5 (C.D. Cal. Sept. 24, 2015) (complaint did not allege property value, but did allege that plaintiff "obtained a loan of $1,040,000 from Defendant that was secured by the Property," thus it was "unlikely" that the property's value fell below the $75,000 threshold); Rose v. J.P. Morgan Chase, N.A., No. CIV 2:12-225 WBS CMK, 2012 WL 892282, at *2 (E.D. Cal. Mar. 14, 2012) (use of property to secure $349,000 loan "sufficient to suggest by a preponderance of the evidence that the amount in controversy

is above $75,000").

The Court finds that the amount in controversy here exceeds $75,000. Simmonds seeks to quiet title to the Property in favor of Simmonds and against Wells Fargo. Compl., Docket No. 1-1, Prayer for Relief ¶ 3. Furthermore, the Complaint, which is verified, attaches (1) a Deed of Trust showing an initial loan amount of $626,400; and (2) the most recent NOD showing that the arrears for the loan are nearly $400,000. Id. Exs. A, C. Thus, Wells Fargo has shown by a preponderance of the evidence that the amount in controversy exceeds $75,000 based on the equitable request to quiet title.

The Court also finds that Wells Fargo is a citizen of South Dakota, not California. The Court rejects Simmonds's argument that Wells Fargo is a citizen of California because California is Wells Fargo's "main place of business." MTR, Docket No. 15 at 12–14. The citizenship of nationally chartered banks is governed by 28 U.S.C. § 1348. Wachovia Bank v. Schmidt, 546 U.S. 303, 306–07 (2006). "[A] national bank, for § 1348 purposes, is a citizen of the State in which its main office, as set forth in its articles of incorporation, is located." Id. Thus, Ninth Circuit courts have ruled that, for purposes of diversity jurisdiction, Wells Fargo is a citizen of South Dakota. Rouse v. Wachovia Mortg., FSB, 747 F.3d 707, 715 (9th Cir. 2014); Calimpusan v. Wells Fargo Bank, N.A., No. CV 15-08452-AB (KLSx), 2015 WL 9581727, at *3 (C.D. Cal. Dec. 28, 2015). Therefore, the Court finds that there is complete diversity between the parties.

Accordingly, Simmonds's motion to remand is **denied.**

### III. MOTION TO DISMISS

**A.     Legal Standard**

Under Rule 12(b)(6), a defendant may move to dismiss for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). When "the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory," dismissal is appropriate under Rule 12(b)(6). Mendiondo v. Centinela Hosp. Med. Ctr., 521 F.3d 1097, 1104 (9th Cir. 2008) (citing Balistreri v. Pacifica Police Dep't., 901 F.2d 696, 699 (9th Cir. 1990)). Federal Rule of Civil Procedure 8(a) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A plaintiff must state "enough facts to state a claim to relief that

is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). A claim has "facial plausibility" if the plaintiff pleads facts that "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

In resolving a Rule 12(b)(6) motion under Twombly, the Court must follow a two-pronged approach. First, the Court must accept all well-pleaded factual allegations as true, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678. Second, assuming the veracity of well-pleaded factual allegations, the Court must "determine whether they plausibly give rise to an entitlement to relief." Id. at 679. This determination is context-specific, requiring the Court to draw on its experience and common sense, but there is no plausibility "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct." Id. For purposes of ruling on a Rule 12(b)(6) motion, the Court must "construe the pleadings in the light most favorable to the nonmoving party." Manzarek v. St. Paul Fire & Marine Ins. Co., 519 F.3d 1025, 1031 (9th Cir. 2008).

## B. Compliance with Local Rule 7-3

Simmonds argues that Wells Fargo's motion to dismiss should be denied because it failed to comply with Local Rule 7-3. MTD Opp'n, Docket No. 16 at 3; Declarations of Michael Younge, Docket Nos. 24, 25.

Local Rule 7-3 requires that the parties meet and confer "at least seven (7) days prior to the filing of the motion." If the parties cannot resolve the issue, then the counsel for the moving party must include in the notice of motion the following statement: "[t]his motion is made following the conference of counsel pursuant to L.R. 7-3 which took place on (date)." Id.

Here, Wells Fargo's notice of motion states that the "motion is made in compliance with Local Rule 7-3 after a conference of counsel occurred on July 27, 2018," which is only four days before the motion was filed on July 31, 2018. MTD, Docket No. 8 at 2 (pagination per docket). Wells Fargo argues that compliance with Local Rule 7-3 was difficult as a practical matter because it removed the case on July 24, 2018, and Fed. R. Civ. P. 81(c)(2) required it to file its motion to dismiss within seven days of removal, i.e.,

by July 31, 2018.  Thus, pursuant to the Local Rules, a conference of counsel needed to occur on July 24, the same day as removal.  Wells Fargo contends that it attempted to comply by calling Simmonds's counsel on July 24, but that he was not available to meet and confer that day, so the parties set the conference for July 27, and had the conference on that day.  Reply, Docket No. 22 at 7–8.  Simmonds's counsel declares in opposition that he was out of the country on July 24, 2018, and that he did not dial or receive a call from Wells Fargo's counsel's phone number on that day.  Younge Decl., Docket No. 24 ¶¶ 3–5; Younge Decl., Docket No. 25 ¶¶ 2, 4.

The Court declines to dismiss the motion for failure to comply with the Local Rules.  In light of the short time window to conduct a compliant conference created by the combination of the Local Rules and the Federal Rules of Civil Procedure, the Court is satisfied that Wells Fargo made its best effort to comply with Local Rule 7-3.  In the future, the parties will strictly comply with all Local Rules.

**C.    Preemption**

Wells Fargo argues that both counts against it must be dismissed for several reasons.  As a threshold issue, Wells Fargo argues that each claim is preempted by the Home Owners' Loan Act ("HOLA"), 12 U.S.C. §§ 1461, et seq.  MTD, Docket No. 8 at 2–6.  The Court addresses this issue first.

   1.    HOLA Preemption and Wells Fargo

Simmonds initially obtained her loan from WSB, a federally-chartered savings association regulated by the Office of Thrift Supervision ("OTS").  RJN Ex. A.  As a federally chartered savings association, WSB was organized and operated under HOLA.  Id.  Wells Fargo, however, is a national association and not a federally-chartered savings bank, and therefore is not generally subject to HOLA.  See Metzger v. Wells Fargo Bank, N.A., No. LA CV 14-00526 JAK (Ssx), 2014 WL 1689278, at *3–4 (C.D. Cal. Apr. 28, 2014).  Still, "the majority of cases have concluded that HOLA preemption continues to apply to conduct related to loans originated by a federally-chartered savings association even after those banks are merged into national banking associations."  Vargas v. Wells Fargo Bank, N.A., No. SACV 15-0844 JVS (JPRx), 2015 WL 10791959, at *5 (C.D. Cal. Aug. 17, 2015) (Selna, J.) (citing Poyorena v. Wells Fargo Bank, N.A., CV 14–683 GAF (Ex), 2014 U.S. Dist. LEXIS 49319, at *16, *16 n.3 (C.D. Cal. Apr. 3, 2014) ("Until the

Ninth Circuit weighs in on this issue, the Court agrees with the majority [of district court cases that conclude] that HOLA preemption may be invoked by a national banking association when the loan in question originated with a federal savings bank.")). Therefore, Wells Fargo is entitled to HOLA preemption in this case.

2.  HOLA Preemption Standard

In Silvas v. E*Trade Mortg., Corp., 514 F.3d 1001 (9th Cir. 2008), the Ninth Circuit addressed whether HOLA and OTS regulations preempt state laws in the context of mortgage lending. Under HOLA, OTS has "broad authority to issue regulations governing thrifts." Id. at 1005. These regulations have the same preemptive effect as federal statutes. Id. (citing Fid. Fed. Sav. & Loan Assoc. v. de la Cuesta, 458 U.S. 141, 153 (1982)). OTS regulations occupy the entire field of lending regulation for federal savings associations. Id. (citing 12 C.F.R. § 560.2(a)).

Subsection (b) of § 560.2 provides a list of "illustrative examples of the types of state laws that are preempted" by HOLA. 12 C.F.R. § 560.2(b). In contrast, subsection (c) sets forth a list of the types of state laws that are not preempted. Silvas approved the following procedure in determining whether a state law is preempted under § 560.2:

> When analyzing the status of state laws under § 560.2, the first step will be to determine whether the type of law in question is listed in paragraph (b). If so, the analysis will end there; the law is preempted. If the law is not covered by paragraph (b), the next question is whether the law affects lending. If it does, then, in accordance with paragraph (a), the presumption arises that the law is preempted. This presumption can be reversed only if the law can clearly be shown to fit within the confines of paragraph (c). For these purposes, paragraph (c) is intended to be interpreted narrowly. Any doubt should be resolved in favor of preemption.

Id. (citing OTS, Final Rule, 61 Fed.Reg. 50951, 50966–67 (Sept. 30, 1996)).

HOLA does not preempt all causes of action arising out of loan modification or

foreclosure proceedings, but only those that would impose additional requirements on federal savings associations. Rumbaua v. Wells Fargo Bank, N.A., No. 11–1998, 2011 U.S. Dist. LEXIS 95533, at *19 (N.D. Cal. Aug. 25, 2011). State laws of general applicability, such as contract, tort, and real property law, are not preempted by HOLA "to the extent that they only incidentally affect the lending operations of federal savings associations." 12 C.F.R. § 560.2(c). However, in determining whether a cause of action is preempted by HOLA, courts cannot look merely to its abstract nature; rather, courts must consider "the functional effect upon lending operations of maintaining the cause of action." Susilo v. Wells Fargo Bank, N.A., 796 F. Supp. 2d 1177, 1186 (C.D. Cal. 2011) (citation and internal quotation marks omitted).

    3.    <u>Application to Simmonds's Claims</u>

The Court finds that Simmonds's claims are preempted under HOLA. Simmonds brings this action to obtain cancellation of the Substitution of Trustee and Notice of Default, alleging that Wells Fargo engaged in wrongdoing in connection with the foreclosure process and the servicing of the Loan, including a violation of the Homeowner's Bill of Rights ("HBOR"). Compl. ¶¶ 10–22. Section 2923.5 imposes outreach requirements on lenders or loan servicers prior to recording a notice of default. See Cal. Civ. Code § 2923.5. The provision requires lenders or servicers to contact the borrower thirty days before recording a notice of default to "assess the borrower's financial situation and explore options for the borrower to avoid foreclosure." Id. § 2923.5(a)(2). Simmonds alleges that Wells Fargo's Declaration of Compliance with § 2923.5 was false because Wells Fargo never contacted Simmonds prior to recording the Notice of Default; therefore, Simmonds argues that the Notice of Default is void and must be cancelled. Compl. ¶ 22. Simmonds also alleges that the Substitution of Trustee recorded by Wells Fargo is void for an unspecified reason. Id. ¶¶ 11, 13.

Simmonds's claims relate to the "processing" and "servicing" of a mortgage, and are therefore preempted under 12 C.F.R. § 560.2(b)(10).[3] See Warren v. Wells Fargo & Co., No. 3:16-cv-2872-CAB-(NLS), 2017 WL 4876212, at *7–8 (S.D. Cal. Oct. 27, 2017); Campos v. Wells Fargo Bank, N.A., No. CV 15-1200 JVS (DTBx), 2015 WL

---

[3] Section 560.2(b)(10) preempts state laws purporting to impose requirements on "[p]rocessing, origination, servicing, sale or purchase of, or investment or participation in, mortgages." 12 C.F.R. § 560.2(b)(10).

5145520, at *7 (C.D. Cal. Aug. 31, 2015) (Selna, J.); Elhanafy v. Flagstar Bank, FSB, No. 5:14-cv-00864-JGB-SP, 2014 WL 12591803, at *3 (C.D. Cal. June 17, 2014); Marquez v. Wells Fargo Bank, N.A., No. C 13-2819 PJH, 2013 WL 5141689, at *5 (N.D. Cal. Sept. 13, 2013).

Accordingly, Wells Fargo's motion to dismiss is **granted** with prejudice.

### IV.  PRELIMINARY INJUNCTION

#### A.  Legal Standard

On an application for a preliminary injunction, the plaintiff has the burden to establish (1) that the plaintiff is likely to succeed on the merits, (2) that the plaintiff is likely to suffer irreparable harm if the preliminary relief is not granted, (3) the balance of equities favors the plaintiff, and (4) the injunction is in the public interest. Winter v. Natural Res. Def. Council, Inc., 555 U.S. 5, 20 (2008).  In the Ninth Circuit, courts may evaluate the Winter factors on a sliding scale: "serious questions going to the merits, and a balance of hardships that tips sharply toward the plaintiff can support issuance of a preliminary injunction, so long as the plaintiff also shows that there is a likelihood of irreparable injury and that the injunction is in the public interest." Alliance for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1134–35 (9th Cir. 2011).

#### B.  Procedural Background

On July 11, 2018, the Orange County Superior Court entered an ex parte TRO "staying the Substitution of Trustee . . . and Notice of Default Instrument . . . recorded against [the Property]."  Docket No. 18-1, Ex. A.  The TRO set the preliminary injunction hearing for September 6, 2018.  Id.  On July 24, 2018, Wells Fargo removed the case to this Court.  Notice, Docket No. 1.  The state court TRO was recorded on July 27.  Docket No. 18-1, Ex. B.  Wells Fargo recorded the Notice of Trustee's Sale on August 1, 2018.  Id., Ex. C.

On September 7, 2018, this Court issued an OSC why Wells Fargo "should not be restrained and enjoined during the pendency of this lawsuit, from pursuing or proceeding . . . with the foreclosure and Trustee's Sale of [Simmonds's] Property and from selling or attempting to sell [Simmonds's] Property at a public sale or otherwise."  Docket No. 20 at

3.

**C.    Discussion**

Based on the foregoing analysis on the motions to dismiss and remand, the Court finds that Simmonds has no likelihood of success on the merits because Simmonds's claims are preempted. In addition, the equitable factors do not favor the issuance of a preliminary injunction. Simmonds argues that the Court should issue an injunction because Wells Fargo violated the state court TRO by recording the Notice of Trustee's Sale on August 1, 2018, while the order was still in effect. Docket No. 34 at 6–7. The Court rejects this argument because the state court TRO had already expired at the time Wells Fargo recorded the Notice of Trustee's Sale.

Under California law, if a TRO is granted without notice, which is permissible in certain circumstances,[4] the TRO can last only 15 days, or 22 days if good cause is shown. Cal. Code Civ. Proc. § 527(d)(1). Here, the state court TRO was granted "without notice" because Simmonds applied for the state court TRO under § 527(c), informing Wells Fargo of the application one day before the hearing. See Cal. Code Civ. Proc. § 527(d) (limiting length of TRO granted "without notice in the contingency specified in subdivision (c)"); Wells Fargo Supplemental Reply, Docket No. 35 at 5 (noting that Simmonds's original TRO application included counsel's declaration in accordance with § 527(c)(2)(B) that Simmonds informed the opposing party "within a reasonable time prior to the application"). In addition, good cause to extend the TRO was not shown. Thus, the TRO expired on July 26, 2018, 15 days after it was issued. Therefore, the state court TRO did not prevent Wells Fargo from recording the Notice of Trustee's Sale on August 1, 2018.

Accordingly, the Court **declines** to issue a preliminary injunction.

---

[4] Under California law, a TRO shall not be granted without notice to the opposing party unless, among other requirements, the "applicant or the applicant's attorney certifies . . . [t]hat within a reasonable time prior to the application the applicant informed the opposing party or the opposing party's attorney at what time and where the application would be made." Cal. Code Civ. Proc. § 527(c)(2)(B). Subsections (c)(2)(A) and (c)(2)(C) identify other certifications that may be used to justify a TRO without notice which are not relevant here.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 18-01280 JVS(JDEx) | Date | November 5, 2018 |
|---|---|---|---|
| Title | Amany Simmonds v. Wells Fargo Bank, N.A. et al. | | |

## V. CONCLUSION

For the foregoing reasons, the Court **denies** the motion to remand, **grants** the motion to dismiss with prejudice, and **declines** to issue a preliminary injunction.

**IT IS SO ORDERED.**

**The Court directs defendant to prepare, serve and submit, forthwith, a proposed order in accordance with the above ruling.**

|  | : | 16 |
|---|---|---|
| **Initials of Preparer** | kjt | |